UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PIERRY, INC.,<br>　　　　Plaintiff,<br>　　v.<br>THIRTY-ONE GIFTS, LLC,<br>　　　　Defendant.<br>───────────────────────<br>THIRTY-ONE GIFTS, LLC,<br>　　　　Counterclaimant,<br>　　v.<br>PIERRY, INC.,<br>　　　　Counter-Defendant. | Case No. 17-cv-03074-LB<br><br>**FINAL PRETRIAL ORDER** |

The court held a final pretrial conference on January 30, 2020. The court issues the following pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

1. **Trial Date and Length of Trial**

The bench trial will begin on February 10, 2020, in Courtroom B, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial will last three days

ORDER – No. 17-cv-03074-LB

(meaning, opening statements and witness testimony must be completed by Wednesday, February 13, 2020) plus an extra allotment for closing arguments (proposed by the court as a written submission seven days after the close of evidence). The trial day will run from 8:30 a.m. to approximately 2:30 or 3:00 p.m. and will include ten-minute breaks after each one-and-one-half-hour segment to accommodate the court reporter. Counsel must arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins. Each party will have 7.5 hours for direct examination of its witnesses and to cross examine the other side's witnesses, including all objections raised during the trial day. Each side may have 30 minutes for an opening statement and 45 minutes for closing argument (or, alternatively, a written closing limited to 25 pages).

**2. Procedures During Trial; Exhibit and Witness Lists; Witnesses**

The parties should refer to the court's April 19, 2018 Pretrial Order[1] for the court's procedures regarding the presentation of exhibits, depositions, and witness testimony during trial. In particular, the court reminds the parties of its procedures for using deposition excerpts.[2]

The parties will call the witnesses on their separate witness lists. As discussed at the pretrial conference, if the parties identify the same witnesses, Thirty-One Gifts will examine the witnesses when Pierry calls them (as opposed to recalling them).

**3. Claims**

Because disputed issues of fact precluded summary judgment, the parties will try all claims and counterclaims.

---

[1] Case Mgmt. and Pretrial Order – ECF No. 79. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–7.

## 4. Stipulations and Conclusions of Law

The parties submitted a joint statement of stipulated facts.[3] As discussed at the pretrial conference, they must submit a joint statement of the undisputed legal standards by Monday, February 3, 2020, and include any disagreements and all model jury instructions.

## 5. Motions in Limine ("MILs")

For the reasons stated on the record and below, the court rules as follows.

### 5.1 Pierry's MIL 1 to Exclude Expert Opinion on Software License Transfer — Denied

Thirty-One Gifts said that it will not call the expert to opine on the contract's terms and instead will offer testimony only about the license-transfer issues. This is an appropriate limitation for the testimony. Also, this is a bench trial, and the court can assign the appropriate weight to the expert testimony. The court denies the motion.

### 5.2 Pierry's MIL 2 to Exclude Expert Witness on Lost Profits — Denied

Pierry moved to exclude Thirty-One Gifts' expert from testifying about Thirty-One Gifts' lost profits allegedly incurred after Pierry blocked access to its Salesforce account, generally on the ground that the contract bars recovery of lost profits.[4] That is true for the contract claim but not for the California Comprehensive Computer Data Access and Fraud Act ("CDAFA") and conversion claims. The court denies the motion.

### 5.3 Pierry's Motion to Compel Production of Expert Communications — Denied

Pierry wants to compel Thirty-One Gifts to produce its emails with its expert witnesses.[5] The court accepts Thirty-One Gifts' representation that it complied with Federal Rule of Civil Procedure 26(b)'s expert-disclosure requirements. The expert confirmed that the emails did not fall within the three exceptions in Rule 26(b)(4)(C).[6] The court denies the motion.

---

[3] Joint Proposed Pretrial Order – ECF No. 192 at 6; Stipulated Facts – ECF No. 192-1 at 2–6.
[4] Mot. – ECF No. 191 at 3−6.
[5] Mot. – ECF No. 190 at 6−7; Mot. – ECF No. 191 at 7−8.
[6] Kraus Dep., Ex. A to Opp'n – ECF No. 190 at 52–53 (pp. 54:12−55:6).

## 6. Objections to Exhibits

Pierry objected to some of Thirty-One Gifts' exhibits.[7] At the pretrial conference, the court resolved the objections to categories 6, 7, 9, and 10. Those exhibits are about lost profits, and the objection is relevance (on the ground that lost profits are barred by the contract's liability limitation).[8] As discussed above, that argument prevails for the contract claim, but it does not for the CDAFA and conversion claims. The court ordered the parties to confer on the remaining objections. To the extent that the challenges are to business records that can be authenticated, the court trusts that the parties can work out any issues about foundation. The court gave additional guidance at the pretrial conference about business records and admissions.

## 7. Trial

By February 7, 2020 at 2 p.m., counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits used in opening statements and otherwise) for the first day of trial. Thereafter, at the end of each trial day (generally, by 2:00 p.m.), counsel must give notice of the order of proof for the next trial day. The parties must notify the court of any issues by the end of the day so that the court can resolve them. To the extent that the parties will call hostile witnesses, which means that the opposing party's "cross examination" will be its direct examination, counsel must provide a list of all exhibits to be used with the same witness on cross examination (other than for impeachment). The parties will call their joint witnesses only once (which means that those witnesses will be called during the plaintiff's case).

**IT IS SO ORDERED.**

Dated: January 31, 2020

LAUREL BEELER
United States Magistrate Judge

---

[7] Pierry Trial Ex. Objs. – ECF 201 at 2–3.
[8] *Id.*