Squire Patton Boggs (US) LLP
Elliott Joh (State Bar No. 264927)
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:   +1 415 954 0200
Facsimile:   +1 415 393 9887
E-mail:      elliott.joh@squirepb.com

Squire Patton Boggs (US) LLP
Sarah K. Rathke (*pro hac vice*)
Peter R. Morrison (*pro hac vice*)
Jordan O'Connell (*pro hac vice*)
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone:   +1 216 479 8500
Facsimile:   +1 216 479 8780
E-mail:      sarah.rathke@squirepb.com
             peter.morrison@squirepb.com
             jordan.oconnell@squirepb.com

Attorneys for Defendant/Counterclaimant
Thirty-One Gifts LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THIRTY-ONE GIFTS LLC, an Ohio limited liability company,<br><br>Defendant.<br><br>THIRTY-ONE GIFTS LLC,<br><br>Counterclaimant,<br><br>v.<br><br>PIERRY, INC.,<br><br>Counter-Defendant. | Case No. 3:17-cv-03074 LB<br><br>**DEFENDANT AND COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S MOTION ON THE PREVAILING PARTY ISSUE**<br><br>Hearing Date:   August 13, 2020<br>Hearing Time:   9:30 a.m.<br>Courtroom:      B, 15th Floor<br>Judge:          Hon. Laurel Beeler |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on August 13, 2020 at 9:30 a.m., or as soon thereafter as this matter can be heard before the Honorable Laurel Beeler, defendant/counterclaimant Thirty-One Gifts LLC ("TOG") moves the Court, pursuant to California Civil Code § 1717 and the Order Addressing Remaining Sanctions Issues and Case Schedule (ECF No. 241), for an order determining that TOG is the prevailing party in this matter, entitled to recover its attorneys' fees and costs, and that Pierry, Inc. ("Pierry") is not entitled to recover its attorneys' fees and costs.

This Motion is made upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such other argument and documentary evidence as the Court may consider at or before the hearing of this Motion. A proposed order granting this Motion is submitted herewith.

Respectfully Submitted,

DATED: July 6, 2020                     SQUIRE PATTON BOGGS (US) LLP

By /s/ *S. K. Rathke*
Sarah K. Rathke
One of the attorneys for Defendant/
Counterclaimant
THIRTY-ONE GIFTS LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As the Court recognized in the first sentence of its April 6, 2020 findings of fact and conclusions of law, at the heart of this action is, "the parties each claim that the other party breached their contract." (ECF No. 234, p. 1.) Following nearly three years of litigation, three in-person settlement attempts in California, a prolonged discovery process – exacerbated by plaintiff's counsel's sanctioned behavior – summary judgment briefing, and a full trial on the merits, the Court reached findings of fact and conclusions of law that found in TOG's favor and against Pierry on five of six contested issues. (EFC No. 234, pp. 2-3.) In fact, the Court determined that the pre-litigation resolution that TOG consistently advanced was "exactly what it was contractually required to pay." (*Id.*, p. 37.) The Court accordingly issued a Judgement on June 21, 2020 entirely in TOG's favor and entirely against Pierry on both parties' breach of contract claims. (ECF No. 249.) The sole issue out of six in the Court's findings of fact and conclusions of law that the Court did not find in TOG's favor (that "TOG did not prove its tort claims") formed a small part of this action, and does not detract from the fact that TOG is the prevailing party, and was ultimately awarded the very resolution it advocated as the correct one before Pierry filed suit.

TOG therefore respectfully requests the Court grant this Motion and determine that TOG is the prevailing party entitled to its attorneys' fees and costs and that Pierry is not entitled to its attorneys' fees and costs.

## II. STATEMENT OF FACTS

Fundamentally, this litigation was a two-way breach of contract action, which the Court resolved by finding that the appropriate resolution was the one TOG maintained should prevail before this action was filed. (ECF No. 234, pp. 1, 37.)

As the Court found, TOG entered into a Master Services Agreement ("MSA") with Pierry dated September 1, 2016, and two Statements of Work ("SOW"), under which Pierry contracted to provide TOG with consulting services and a license to the Salesforce Marketing Cloud. (ECF No. 234, pp. 1-2, 5-11; Trial Exs. 2-4.) In March 2017, Pierry closed its Ohio office and terminated its

employees who had serviced TOG's account. (ECF No. 234, p. 4; Trial Ex. 30.) Thereafter, Pierry's performance dramatically and consistently worsened, culminating in Pierry's failure to successfully execute TOG's biannual outlet sale in April 2017, among numerous other errors. (ECF No. 234, p. 4; Trial Exs. 39, 43.)

After several frustrating months of Pierry's poor performance, TOG sent a letter dated May 12, 2017 to Pierry, formally terminating TOG's business relationship with Pierry. (ECF No. 234, pp. 18-19; Trial Ex. 78.) TOG also invoked MSA § 2.2 – the good faith dispute provision – providing notice that TOG would not pay Pierry for its deficient support services. *Id.* Pierry responded on May 18, 2017 with an ultimatum: that TOG pay Pierry $289,772.20 in allegedly past-due amounts by May 19, 2017 – the next day – or Pierry would lock TOG out of its Salesforce account, content, and data. (ECF No. 234, p. 20; Trial Ex. 81.) Pierry also demanded assurance that TOG would pay for the balance of its two-year Salesforce license. (*Id.*) TOG responded immediately, requesting additional time. (ECF NO. 234, pp. 20-21; Trial Ex. 60.) However, Pierry refused to engage, simply reiterating that it was "firm on the May 19 deadline." (*Id.*) Pierry terminated TOG's access to its Salesforce platform on May 19, 2017. (ECF No. 234, p. 22; Trial Exs. 60, 83.)

TOG continued in good faith to try to negotiate with Pierry, offering $120,374.66 to cover all outstanding invoices, as well as its to-date use of the Salesforce platform, and repeated "very clear" assertions that TOG had "every intention of paying for the Salesforce" license. (ECF No. 234, pp. 24-25; Baumgartner Test. – ECF No. 2018 at 266:7 – 267:30; Trial Ex. 88.) Nevertheless, Pierry steadfastly refused to provide TOG access to the platform or accept any resolution less than the full demanded amount. (*Id.*) Instead, Pierry filed this case on May 26, 2017, and ultimately claimed over $1.2 million in unpaid support service amounts and fees owed on the balance of TOG's Salesforce license. (ECF No. 234, p. 26.) TOG asserted counterclaims for breach of contract, violation of the California Computer Data Access and Fraud Act (Cal. Penal Code § 502),

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

conversion, and intentional interference with prospective economic advantage. (ECF No. 234, pp. 35-37.)

The Court held a trial on the merits on February 10-12, 2020 and issued findings of fact and conclusions of law on April 6, 2020. (ECF No. 234.) According to first line of the Court's opinion, "In this lawsuit, the parties each claim that the other party breached their contract." (ECF. No. 234, p.1.) The Court then issued six findings of fact and conclusions of law, five of which the Court decided unequivocally in TOG's favor, and against Pierry:

> [T]he court issues these findings of fact and conclusions of law and holds the following: (1) the Master Services Agreement ("MSA") and the September 2016 Scope of Work ("SOW") governed the parties' obligations regarding Pierry's provision of consulting services through TOG's May termination of the contract; (2) under the September 2016 SOW's plain terms, TOG could terminate its contract for Pierry's consulting services; (3) under the September 2016 SOW, TOG must pay Pierry for its consulting services in March, April, and May 2017 (limited to 125 hours per month); (4) Pierry did not prove its email overages; (5) Pierry breached the contract by suspending TOG's access to the Salesforce platform (and not allowing the transfer of the Salesforce license); and (6) TOG did not prove its tort claims.

(ECF No. 234, pp. 2-3.) As to the third point, that under the 2016 SOW, TOG must pay Pierry for consulting services in March-May 2017, the Court additionally found that TOG's March 25, 2017 pre-suit offer to pay Pierry $120,374.66 was "exactly what it was contractually required to pay," but that "Pierry prevented this payment by wrongfully terminating access to the Salesforce platform to recover monies that it was not entitled to recover under its contract." (ECF. No. 234, p. 37.)

Thus, on June 21, 2020, the Court entered judgment for TOG and against Pierry on both parties' breach of contract claims. (ECF No. 249.) The Court additionally held: "TOG did not breach the contract by terminating Pierry's consulting services"; "TOG's failure to pay the March invoice did not breach the MSA"; "TOG did not breach the contract and instead tried to ensure a 'sensible' transition from it"; and "TOG also did not breach the contract by declaring (before any invoices were due) that it would not pay April or May invoices." (ECF No. 234, pp. 31-32.)

The only item out of the six in the Court's list of six findings of fact and conclusions of law that the Court did not find in TOG's favor was the last one – that "TOG did not prove its tort claims."

(ECF No. 234, p.3.)  However, TOG's defensive counterclaims composed a nominal part of the action.  Of the Court's 37-page findings of fact and conclusions of law, only three pages relate to TOG's tort counterclaims.  (ECF No. 234, pp. 35-37.)  And of Pierry's 15-page proposed findings of fact and conclusions of law, Pierry devoted only one paragraph, eight lines, to these issues.  (ECF No. 197.)  TOG's own proposed findings of fact and conclusions of law devote only three out of 36 pages to its tort counterclaims.  (ECF No. 193.)  Indeed, TOG's tort claims involved only one factual issue not encompassed by the parties' dueling breach of contract claims – the question of whether Pierry's conduct in cutting of TOG's access to the Salesforce platform was committed with intent that was sufficiently "knowing" or "criminal."  (ECF No. 234, pp. 35-37.)

Furthermore, as the Court recognized, TOG's counterclaims resulted because "Pierry created an unfortunate situation by precipitously suspending TOG's access to the Salesforce platform in a misguided effort to collect on a disputed debt that – as the court holds here – was not available under its contract, and it drew an unnecessary line in the sand by demanding payment in a day."  (ECF No. 234, p. 36.)  TOG at all times attempted to resolve this dispute, in good faith, but Pierry, at every turn, took the route of conflict, including through its conduct in this litigation for which the Court sanctioned Pierry $23,206.50 for improper deposition conduct.  (ECF No. 241.)

### III.  LEGAL ARGUMENT: TOG IS THE PREVAILING PARTY IN THIS ACTION.

TOG is the unequivocal "prevailing party" entitled to its fees and costs in this action, pursuant the MSA with Pierry and California law because the result entered by the Court – a small award to Pierry compensating it for its consulting work in March-May 2017 – is exactly the result TOG sought and advocated for pre-litigation.  Section 9.8 of the MSA provides: "If either party hereto files a legal proceeding arising out of or relating to the Agreement or its subject matter, the prevailing party (as adjudged by a court or other fact finder) shall be entitled to an award of all costs and expenses incurred in connection with such proceeding, including but not limited to reasonable attorneys' fees and expert witness fees."  (Trial Ex. 2.)  Similarly, Cal. Civ. Code § 1717 provides that attorneys' fees and other costs may be awarded "to the party who is determined to be

the party prevailing on the contract." California law defines the "prevailing" party as "the party who recovered greater relief." Cal. Civil Code § 1717(b)(1).

When a party obtains a simple, unqualified victory by completely prevailing on, or defeating, all contract claims and the applicable contract provides for attorney fees, Section 1717 entitles that party to recover its attorneys' fees and costs – precisely TOG's position here. *Scott Co. of Calif. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999); *Hsu v. Abbara*, 9 Cal. 4th 863, 865-866 (1995). "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. of Calif. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999).

TOG is the unequivocal prevailing party under this standard because judgment was entered in favor of TOG and against Pierry on each of the parties' breach of contract claims. (ECF. No. 249.) *See Epstein v. Frank*, 125 Cal. App. 3d 111, 124 (1981) ("where claims and counterclaims arise in connection with a contract containing an attorney's fees provision, the party who obtains a favorable judgment is deemed to be the prevailing party."); *Hsu v. Abbara*, 9 Cal. 4th 863, 877 (1995) ("When a defendant obtains a simple, unqualified victory by defeating the only contract claim in the action, section 1717 entitles the successful defendant to recover reasonable attorney fees incurred in defense of that claim if the contract contained a provision for attorney fees.").

The Court's Judgment that Pierry is entitled to a "money judgment" of $75,351.64 (ECF No. 249) does not change TOG's status as the prevailing party because the Court conspicuously did not award this amount as recovery for Pierry's breach of contract claim, and specifically entered judgment for TOG and against Pierry on Pierry's contract claim. (ECF No. 249; *see also* ECF No. 234, pp. 31-32, 37.) At trial, and throughout this action TOG did not dispute that Pierry was owed

some amount for services rendered prior to termination. (ECF No. 234, pp. 24-25.) As the Court found: "TOG offered to pay exactly what it was contractually required to pay. Pierry prevented this payment by wrongfully terminating access to the Salesforce platform to recover monies that it was not entitled to recover under its contract." (ECF No. 234, p. 37.) Additionally, the $75,351.64 awarded is less than the $120,374.66 that TOG offered on May 25, 2017, and a very small percentage of the recovery Pierry sought at trial. (ECF No. 192, p. 5; ECF No. 234, p. 37.) As such, Pierry failed to obtain its primary litigation objective and it ultimately recovered less than TOG offered pre-litigation. *See, e.g., Hyundai Motor Am. v. Miller/Zell, Inc.*, No. 92-55949, 1994 U.S. App. LEXIS 4305, at *3 (9th Cir. Mar. 3, 1994) (defendant was not a prevailing party where it "recovered less than 25% of the amount it sought and it rejected a prelitigation settlement offer in excess of its ultimate recovery."); *Greger Leasing Corp. v. Barge Pt. Potrero*, No. C-05-5117 SC, 2008 U.S. Dist. LEXIS 92815, at *16 (N.D. Cal. Nov. 6, 2008) (plaintiff recovering "less than 7% of claimed damages" was not a prevailing party).

Even if the Court determines that "neither party achieve[d] a complete victory on all the contract claims" (because TOG did not prevail on its tort claims against Pierry, even though those claims formed only a nominal part of the action), the Court should nevertheless determine that TOG is the prevailing party, as it has discretion to do. *Scott Co. of Calif. v. Blount, Inc.* 20 Cal. 4th 1103, 1109 (1999). "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). "In making this []assessment, equitable considerations are relevant," which include whether an offer was made for a higher amount than the ultimate judgment. *Pub. Employees' Retirement Sys. v. Winston*, 209 Cal. App. 3d 205, 211 (1989) (deciding based on such considerations). The record here demonstrates that TOG did not initiate this action, and did everything it could to avoid it, including offering to pay the amount that this Court determined was its entire liability. TOG's litigation objectives

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

8
DEFENDANT AND COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S NOTICE OF MOTION AND MOTION ON THE PREVAILING PARTY ISSUE
CASE NO. 3:17-CV-03074 LB

therefore were to defend against Pierry's claims and obtain a judgment in its favor on these issues. These objectives were met.

Moreover, it is relevant that TOG's tort counterclaims had ample good faith basis. *Cullen v. Netflix, Inc.*, No. 5:11-CV-01199-EJD, 2013 U.S. Dist. LEXIS 63137, at *11 (N.D. Cal. May 1, 2013) (considering that there was "no indication that Plaintiff filed his [] claim in bad faith or with no reasonable bases in law and fact" as a basis for denying the prevailing defendant from recovering its attorneys' fees); *see also Edwards v. Princess Cruise Lines, Ltd.,* 471 F. Supp. 2d 1032, 1034 (N.D. Cal. 2007) (same). It is worth reiterating that the Court determined that TOG's counterclaims arose because "Pierry created an unfortunate situation by precipitously suspending TOG's access to the Salesforce platform in a misguided effort to collect on a disputed debt that — as the court holds here — was not available under its contract, and it drew an unnecessary line in the sand by demanding payment in a day." (ECF No. 234.)

Despite Pierry's poor performance at the end of the parties' business relationship, at every phase of this dispute, before and during litigation, TOG acted reasonably, rationally, and pursuant to the contract terms. In contrast, Pierry and its counsel imposed over-reaching tactics, which included holding TOG's Salesforce license hostage, resulting in tremendous business disruption to TOG. This Court's findings of fact and conclusions of law and subsequent judgment found that what TOG offered as a resolution before litigation was more than adequate, rendering TOG the prevailing party on all parties' contract claims and the case. TOG will never be made whole after Pierry's bad acts, but TOG now asks this Court to do what is fair and just and require Pierry to reimburse TOG's attorneys' fees and costs to shield TOG from further damage caused by Pierry's needlessly aggressive, one-sided, and punitive behavior.

For these reasons, TOG is the prevailing party in this action, and the Court should award TOG recovery of its attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, TOG respectfully requests that this Court find TOG is the prevailing party entitled to its attorneys' fees and other costs, in an amount to be determined in subsequent briefing. TOG further respectfully requests that this Court find that Pierry is not the prevailing party as to any issue in this litigation, and not award it recovery of its attorneys' fees and costs.

DATED: July 6, 2020               SQUIRE PATTON BOGGS (US) LLP

                                  By  */s/ Sarah K. Rathke*
                                      Sarah K. Rathke
                                      Peter R. Morrison
                                      Jordan E. O'Connell
                                      Elliott Joh
                                      Attorneys for Defendant/ Counterclaimant
                                      THIRTY-ONE GIFTS LLC

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111