1  Squire Patton Boggs (US) LLP
   Elliott Joh (State Bar No. 264927)
2  275 Battery Street, Suite 2600
   San Francisco, California 94111
3  Telephone:    +1 415 954 0200
   Facsimile:    +1 415 393 9887
4  E-mail:       elliott.joh@squirepb.com

5  Squire Patton Boggs (US) LLP
   Sarah K. Rathke (*pro hac vice*)
6  Peter R. Morrison (*pro hac vice*)
   Jordan O'Connell (*pro hac vice*)
7  4900 Key Tower
   127 Public Square
8  Cleveland, Ohio  44114
   Telephone:    +1 216 479 8500
9  Facsimile:    +1 216 479 8780
   E-mail:       sarah.rathke@squirepb.com
10               peter.morrison@squirepb.com
                 jordan.oconnell@squirepb.com
11
   Attorneys for Defendant/Counterclaimant
12 Thirty-One Gifts LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THIRTY-ONE GIFTS LLC, an Ohio limited liability company,<br><br>Defendant. | Case No. 3:17-cv-03074 LB<br><br>**DEFENDANT/COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S OPENING BRIEF REGARDING PREVAILING PARTY FOR PURPOSES OF RECOVERY OF ATTORNEY'S FEES AND COSTS** |
| THIRTY-ONE GIFTS LLC,<br><br>Counterclaimant,<br><br>v.<br><br>PIERRY, INC.,<br><br>Counter-Defendant. | Hearing Date:    August 13, 2020<br>Hearing Time:    9:30 a.m.<br>Courtroom:       B, 15th Floor<br>Judge:           Hon. Laurel Beeler |

*Left margin vertical text:* SQUIRE PATTON BOGGS (US) LLP / 275 Battery Street, Suite 2600 / San Francisco, California 94111

1  Defendant/Counterclaimant Thirty-One Gifts LLC ("TOG") submits this Response to
2  Plaintiff/Counterdefendant Pierry, Inc.'s ("Pierry") Opening Brief Regarding Prevailing Party for
3  Purposes of Recovery of Attorney's Fees and Costs.  (ECF No. 252.)  As this Court recognized,
4  fundamentally, this lawsuit is one in which "the parties each claim that the other party breached
5  their contract."  (ECF No. 234, p. 1.)  Pierry is not entitled to be regarded as the prevailing party in
6  this litigation because the Court held and determined that TOG and not Pierry prevailed on each
7  parties' breach of contract claims, and because the Court's ultimate award replicated precisely the
8  solution TOG offered prior to the litigation – reflecting that Pierry did not achieve its litigation
9  aims.

10  **MEMORANDUM OF POINTS AND AUTHORITIES**

11  Through this litigation, Pierry sought relief for four different breaches of contract, totaling
12  $873,972.20 (now plus interest).  These were: (1) $289,772.20 for alleged email overages; (2)
13  $122,521.50 in alleged consulting hour overages; (3) $134,083.32 in "outstanding invoices"; and
14  (4) $584,250.00 for the balance of the Salesforce license, running through January 31, 2019.  (ECF
15  No. 48, p. 2; ECF No. 192, p. 5.)  These claims are what precipitated this litigation.  As this Court
16  found, prior to instituting litigation, Pierry demanded immediate compensation for the first three
17  items – damages Pierry asserted it had already suffered – as well as a commitment from TOG that
18  TOG would continue to pay Pierry for the Salesforce platform for the balance of the Salesforce
19  license.  (ECF No. 234, pp. 19-22.)

20  TOG was unsatisfied with Pierry's performance as a consultant and wanted to terminate
21  Pierry's consulting services and switch to another vendor, but wanted to retain – and pay for – its
22  access to the Salesforce platform.  (ECF No. 234, p. 24.)  Accordingly, on May 25, 2017, before
23  litigation began (but after Pierry terminated TOG's access to the Saleforce platform), TOG emailed
24  Pierry an offer whereby TOG would "terminate our MSA [and] end all SOWs," Pierry would
25  "immediately turn on and allow Thirty-One access to the Salesforce tool," and Pierry would "fully
26  cooperate with Thirty-One in an orderly transition of the services to a new vendor." (ECF No. 234,

27
28

2

DEFENDANT AND COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S RESPONSE TO PIERRY'S
OPENING BRIEF ON THE PREVAILING PARTY ISSUE
CASE NO. 3:17-CV-03074 LB

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

p. 24; Trial Ex. 88.)  In return, TOG would pay Pierry $120,374.66.  (*Id.*)  The Court, in its findings of fact and conclusions of law, found this significant:   "Adding Pierry's contracted hours ($55,458.32) to the two months' Salesforce fee ($64,916.67) equals $120,374.66, $0.33 cents more than TOG's offer of $120,374.66.  (The math error probably is explained by the process of dividing the quarterly Saleforce fee by three.)"  (ECF No. 24, p. 37.)  Accordingly, the Court determined: "*In sum, TOG offered to pay exactly what it was contractually required to pay.  Pierry prevented this payment by wrongfully terminating access to the Salesforce platform to recover monies that it was not entitled to recover under its contract.*"  (*Id.*)

Therefore, as to Pierry's claims for breach of contract, the court "enter[ered] judgment in favor of Thirty-One Gifts."  (ECF No. 249, p. 1.)  The Court also held that Pierry breached the contract with TOG by "wrongfully suspend[ing] TOG's access to the Salesforce platform," and thus also "enter[ed] judgment in favor of Thirty-One gifts and against Pierry."  (ECF No. 234, p. 34; ECF No. 249, p. 2.)  In the final 2.5 pages of its 37-page findings of fact and conclusions of law, the Court then analyzed the only additional factual and legal questions posed by TOG's tort claims – whether Pierry's conduct was "the civil analog of a crime" or independently "wrongful" (for TOG's Computer Data Access and Fraud Act and intentional interference claims), and whether TOG retained possession of its underlying data (for TOG's conversion claim) – and found that TOG had not met its burden of proof on these limited questions.  (ECF No. 234, pp. 35-37.)  Finally, the Court determined that TOG should pay Pierry a "money judgment" for contract hours worked – which TOG had always been willing to pay.  (ECF No. 249.)

## ARGUMENT

Pierry on the one hand characterizes the result in this case as a "Kafkaesque Judgment (which must be corrected)," yet on the other hand nevertheless declares itself the prevailing party on the purported grounds that it "achieved all of its litigation objectives" and "obtained a simple, unqualified victory."  (ECF No. 252, p.1.)  In reality, Pierry did not achieve anything resembling its litigation objectives – and incurred a $23,205.50 sanction for improper deposition conduct

DEFENDANT AND COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S RESPONSE TO PIERRY'S OPENING BRIEF ON THE PREVAILING PARTY ISSUE
CASE NO. 3:17-CV-03074 LB

1
2
3

against it in the process.  (ECF No. 249, p.2.)  Because TOG prevailed on all of the parties' contract claims, and because Pierry did not achieve its litigation objectives while TOG did, TOG and not Pierry is the prevailing party in this case.

4
5

I.     **Pierry Is Not The Prevailing Party Because It Did Not Prevail On Any Of The Parties' Breach Of Contract Claims.**

6
7
8
9
10
11
12
13

Fundamentally, this was a breach of contract action.  (ECF No. 234, p.1.)  As such, Cal. Civ. Code § 1717, applicable to "any action on a contract," provides that attorney's fees and other costs may be awarded "to the party who is determined to be the party prevailing on the contract." The "prevailing" party is the party who recovered greater relief in the action on the contract.  Civil Code § 1717(b)(1).  When a party obtains a simple, unqualified victory by completely prevailing on, or defeating, all contract claims and the contract provides for attorney fees, Section 1717 entitles that party to recover reasonable attorneys' fees.  *Scott Co. of Calif. v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999); *Hsu v. Abbara*, 9 Cal. 4th 863, 865-866 (1995).

14
15
16
17
18
19
20
21
22

TOG is the prevailing party "on the contract" entitled to Section 1717 fees and costs because TOG defeated all four of Pierry's contract claims and prevailed on its own breach of contract claim. ECF No. 249; *Epstein v. Frank*, 125 Cal. App. 3d 111, 124 (1981)   ("where claims and counterclaims arise in connection with a contract containing an attorney's fees provision, the party who obtains a favorable judgment is deemed to be the prevailing party."); *Hsu v. Abbara*, 9 Cal. 4th 863, 877 (1995) ("When a defendant obtains a simple, unqualified victory by defeating the only contract claim in the action, section 1717 entitles the successful defendant to recover reasonable attorney fees incurred in defense of that claim if the contract contained a provision for attorney fees.").

23
24
25
26
27

TOG's tort claims are irrelevant to this analysis.  Fees and costs incurred in a defense of tort claims are not incurred to enforce a contract.  *See Citrus El Dorado LLC v. Stearns Bank*, Case No. 09-cv-1462, 2015 U.S. Dist. LEXIS 188292, *18-19 (C.D. Cal. Apr. 18, 2016) (prevailing party status not negated by failure to prevail on tort claims when plaintiff prevailed on contract claims; also, "'attorney's fees need not be apportioned when incurred for representation on an issue

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

4

1    common to both a cause of action in which fees are proper and one in which they are not allowed'"").

2    And, again, Pierry's 15-page Proposed Findings of Fact and Conclusions of Law devotes one

3    paragraph, eight lines, to TOG's tort claims (ECF No. 197), and TOG's devotes only three pages

4    out of 36.  (ECF No. 193.)  The Court's findings of fact and conclusions of law devotes 2.5 pages

5    out of 37 to TOG's counterclaims.  (ECF No. 234, pp. 35-37.)

6        Pierry asserts that because it purportedly "obtained $75,351.64 in breach of contract

7    damages," Pierry is the prevailing party.  (ECF No. 252, p. 5.)  This, however, is a blatant

8    misstatement of the Court's Judgment.  The Court's Judgment expressly provides that it "entered

9    judgment in favor of Thirty-One Gifts and against Pierry" on both parties' breach of contract claims,

10    and awarded no recovery to Pierry for breach of contract.  (ECF No. 249.)  The Court entered a

11    "money judgment" to Pierry for $75,351.64 – conspicuously and purposefully not awarding this

12    amount as breach of contract damages – recognizing that TOG was at all times willing to pay this

13    amount.  (*Id.*)  This is not a contract victory for Pierry.

14        Moreover, the fact that TOG was not awarded damages on its own breach of contract claim

15    against Pierry is irrelevant.  Courts routinely rule in favor of parties on breach of contract claims

16    without awarding damages.  *See*, *e.g.*¸ *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 299, 136

17    Cal. Rptr. 3d 97, 114 (2011) (confirming a jury's verdict finding a breach of contract but awarding

18    no damages); *Polaris Med. Acad., LLC v. Allen*, No. G045800, 2014 Cal. App. Unpub. LEXIS 4580

19    (June 24, 2014) (plaintiffs were prevailing parties on their breach of contract claim notwithstanding

20    the jury awarding them no damages). Thus, because TOG prevailed on all of the contract claims at

21    issue in this lawsuit, Pierry is not the prevailing party under Civil Code § 1717.

22
23    **II.**     **Pierry Is Not The Prevailing Party Because It Did Not Achieve Its Litigation Objectives – While TOG's Clearly Articulated Litigation Objectives Were Replicated Precisely By The Court's Judgment.**

24        Pierry is also not the prevailing party because TOG obtained its pre-litigation aims as a

25    result of this protracted litigation, and Pierry did not.  "[I]n determining litigation success, courts

26
27
28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

should respect substance rather than form, and to this extent should be guided by "equitable considerations.'" *Hsu*, 9 Cal. 4th at 877.

Contrary to Pierry's assertion that "[t]he Court may not consider any alleged unwillingness to compromise or failure to accept settlement offers in its prevailing party analysis" (ECF No. 252, p. 11), one of the equitable considerations courts absolutely do consider under the California prevailing party fee statute "arises in cases where the parties exchanged settlement offers during litigation, because a party's offer may be relevant to determining its litigation objectives." *HPS Mechanical, Inc. v. JMR Constr. Corp.*, Case No. 11-cv-02600, 2014 U.S. Dist. LEXIS 170465, at *14 (N.D. Cal. Dec. 9, 2014); *see also Hyundai Motor Am. v. Miller/Zell, Inc.*, Case No. 92-55949, 1994 U.S. App. LEXIS 4305, *3 (9th Cir. Mar. 3, 1994) (affirming trial court's refusal to find plaintiff to be prevailing party due to plaintiff's conduct in rejecting a prelitigation settlement offer); *Public Employees' Ret. Sys. v. Winston*, 209 Cal. App. 3d 205, 211 (1st App. Dist. 1989) (reversing trial court award of prevailing party attorney fees to plaintiff based on plaintiff's refusal to accept a settlement offer higher than its ultimate judgment).

For example, in *Public Employees' Ret. Sys. v. Winston*, 209 Cal. App. 3d 205 (1st App. Dist. 1989), a commercial lessor sued its lessee for nonpayment of rent.  The court found, however, that the defendant vacated the property and withheld rent because "many services previously rendered by the former owner incident to the lease were terminated or reduced" after the plaintiff took over the property, which "substantially affected [defendant's] quiet enjoyment of the premises." *Id*. at 208.  The court determined that the plaintiff was entitled to rent covering the period of time when the defendant occupied the property.  However, the court held that the plaintiff was nevertheless not the prevailing party because the plaintiff sought additional, going-forward rent payments through the lawsuit, and because the defendant "offered to pay a sum which was approximately $2,000 higher than the judgment entered…, which offer was rejected." *Id.* at 211. Therefore, the court held that "as a matter of law, [the plaintiff] is not the party here who recovered 'a greater relief' and cannot be determined to be the prevailing party" – and reversed the trial court's

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  order of attorney's fees for the plaintiff.  As this case involves similar facts, the same result should

2  obtain for the same reasons.

3  Pierry attempts to dismiss TOG's pre-litigation offer to pay $120,374.66, which Pierry

4  rejected, on the grounds that this offer was insufficiently formal to constitute an "offer of judgment"

5  under Cal. Civ. Proc. § 998, California's offer of judgment statute.  (ECF No. 252, p.12.)  Cal. Civ.

6  Proc. § 998 allows an offering party to recover its "costs" (not attorney's fees) if the other party

7  fails to recover more than the amount offered in a formal offer of judgment.  Thus, the rationale

8  behind California's offer of judgment statute and its prevailing party statute is the same – to

9  encourage rational litigation behavior.  However, the requirements of the offer of judgment statute

10  and the prevailing party statute are not identical.  Unlike Cal. Civ. Proc. § 998, the prevailing party

11  statute does not require any particular formalism; nor should the Court impose requirements from

12  Cal. Civ. Proc. § 998 onto Cal. Civil Code § 1717, as Pierry suggests – and there is no authority

13  encouraging or allowing the Court to do so.  Indeed, Pierry cites none.

14  Pierry also asserts that "[t]he Court should not consider factors such as the litigation tactics

15  of the Parties, allegedly obstreperous behavior and uncompromising litigation stances and,

16  generally, conduct by the Parties that the Court deems less-than-sympathetic" in its prevailing party

17  analysis.  (ECF No. 252, p. 11.)  This is also incorrect.  As an initial matter, the *Sears v. Baccaglio*,

18  60 Cal. App. 4th 1136, 70 Cal. Rptr. 2d 769 (1st App. Dist. 1998) case that Pierry cites for this

19  proposition does not preclude consideration of litigation tactics and bad faith in the context of a

20  prevailing party determination.  To the contrary, the *Sears* court stated, "While the trial court cannot

21  arbitrarily deny fees to a less than sympathetic party, it remains free to consider all factors which

22  may reasonably be considered to indicate success in the litigation." *Id.* at 1155.  Litigation tactics

23  that unnecessarily complicate or compound the costs of litigation, therefore, absolutely may be

24  considered.

25  An analogous case demonstrating this principle is *HPS Mechanical, Inc. v. JMR Constr.*

26  *Corp.*, Case No. 11-cv-02600, 2014 U.S. Dist. LEXIS 170465 (N.D. Cal. Dec. 9, 2014), in which

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

a subcontractor sued a general contractor for unlawfully withholding payments associated with a construction project.  The general contractor asserted counterclaim damages for delay costs, and the court ultimately awarded each party partial relief on their claims.  The court determined that the subcontractor was the prevailing party, however, based on two factors.  One was the general contractor's "rejection of HPS's offer to pay $100,000" – more than the general contractor was ultimately awarded – as "strong evidence that the judgment entered exceeded HPS's litigation objectives and fell short of JMR's" – which are precisely the circumstance in this case.  *Id.* at *18. The other factor was that the general contractor's decision to withhold payments from the subcontractor was an "overreach" because the general contractor "with[held] more than twice as much as it was entitled to."  *Id.* at 16; *see also EnPalm v. Teitler*, 162 Cal. App. 4th 770, 75 Cal. Rptr. 3d 902 (2d App. Dist. 2008) (affirming trial court reduction of attorney's fees when trial court applied "equitable principles" to reflect the fact that, even though plaintiff prevailed, it "engaged in conduct that made much of the litigation unnecessary").

In this case, the Court found that Pierry engaged in a similar overreach when Pierry improperly suspended TOG's access to the Salesforce platform:

> Under the MSA and the SOWs, Pierry was not entitled to suspend TOG's access to the Salesforce platform.  TOG never disavowed its contractual obligation to pay for the license for the Salesforce platform and explicitly told Pierry that it wanted continued access to the platform when Pierry threatened to cut it off.  Pierry could have transferred the license or continued as the third-party vendor under the February 2017 SOW.  Instead, Pierry threatened to suspend TOG's access to the Salesforce platform to force TOG to make payments that were the subject of a good-faith dispute under MSA § 2.2 and (under the findings here) not owed to Pierry under the September 2016 SOW.  When Pierry's strategy did not work, it wrongfully suspended TOG's access to the Salesforce platform.

(ECF No. 234, pp. 33-34.)

Thus, as the Court further found, "Pierry created an unfortunate situation by precipitously suspending TOG's access to the Salesforce platform in a misguided effort to collect on a disputed debt that – as the court holds here – was not available under its contract, and it drew an unnecessary line in the sand by demanding payment in a day." (*Id.* p. 36.)  At every turn in this litigation, Pierry

8

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  has protracted and complicated these proceedings.  Pierry's sanctioned conduct in connection with

2  Mr. Pierry's deposition is but one example, but the Court will recall others, such as interposing

3  needless discovery motions and forcing two in-person settlement conferences at which Pierry made

4  virtually no movement in its settlement position.  The Court may consider all of this conduct in

5  making its prevailing party determination.

6      Indeed, the *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 70 Cal. Rptr. 2d 769 (1st App. Dist.

7  1998), case cited by Pierry is highly analogous.  (ECF No. 252, p. 11.)  In *Sears*, a California

8  appellate panel upheld the trial court's award of attorney's fees to a defendant, even though the

9  plaintiff won a $67,000 judgment and the defendant proved liability but was not awarded any

10  damages on its cross-claim, on the grounds that the defendant had successfully persuaded the court

11  of its interpretation of the contract.  As the trial court held, "[b]y no stretch of the imagination can

12  [plaintiff] claim that he was in fact the prevailing party because, having lost on his principal claim

13  that the contract was ineffective, he recovered more of the [disputed] $112,000 than [the defendant]."

14  *Id*. at 1141.  The appellate panel recognized that the party obtaining "greater relief" under the

15  California statute "does not necessarily mean the party receiving the greater monetary judgment,"

16  and that "the court has discretion to determine whether the party required to pay a nominal net

17  judgment is nevertheless the prevailing party entitled to attorney's fees pursuant to section 1717."

18  *Id.* at 1155; *see also National Computer Rental, Ltd. v. Bergen Brunswig Corp.*, 59 Cal. App. 3d

19  58, 62, 130 Cal Rptr. 360 (2d App. Dist. 1976) (despite lease fees awarded to plaintiff which were

20  not contested between the parties, defendant was prevailing party because it prevailed on issue of

21  "cancellation fees," which formed the "crux" of the dispute).  This case should have the same result.

## CONCLUSION

23      The Court said it best in the Judgment entered in this case:  "On Pierry's claims for breach

24  of contract, the court enters judgment in favor of Thirty-One Gifts and against Pierry."  And "[o]n

25  Thirty-One Gifts' claim of breach of contract, the Court enters judgment in favor of Thirty-One

26  Gifts and against Pierry."  With those two sentences, the Court unambiguously pronounced that all

27

28

1   contract claims were resolved in favor of TOG, rendering TOG the prevailing party.  Accordingly,

2   and for the foregoing reasons, TOG respectfully requests that this Court find TOG is the prevailing

3   party entitled to its attorney's fees and other costs, in an amount to be determined in subsequent

4   briefing.  TOG further respectfully requests that this Court find that Pierry is not the prevailing

5   party as to any issue in this litigation, and not award it recovery of its attorney's fees and costs.

6

7   DATED: July 20, 2020                         SQUIRE PATTON BOGGS (US) LLP

8

9                                           By   /s/ Sarah K. Rathke

10                                               Sarah K. Rathke
                                                 Peter R. Morrison
11                                               Jordan E. O'Connell
                                                 Elliott Joh
12                                               Attorneys for Defendant/ Counterclaimant
                                                 THIRTY-ONE GIFTS LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DEFENDANT AND COUNTERCLAIMANT THIRTY-ONE GIFTS LLC'S RESPONSE TO PIERRY'S
OPENING BRIEF ON THE PREVAILING PARTY ISSUE
CASE NO. 3:17-CV-03074 LB