UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PIERRY, INC., | Case No. 17-cv-03074-LB |
| Plaintiff, | |
| v. | **ORDER DENYING PREVAILING-PARTY MOTIONS** |
| THIRTY-ONE GIFTS, LLC, | Re: ECF Nos. 251 &252 |
| Defendant. | |
| THIRTY-ONE GIFTS, LLC, | |
| Counterclaimant, | |
| v. | |
| PIERRY, INC., | |
| Counter-Defendant. | |

## INTRODUCTION

The remaining issue in the lawsuit is whether either party is the prevailing party entitled to recover attorney's fees and costs under their contract.[1] Because neither party achieved greater relief under the contract, neither is the prevailing party. The court does not exercise its discretion to award fees.

---

[1] Master Services Agreement, Tr. Ex. 2 (§ 9.8).

ORDER – No. 17-cv-03074-LB

**ANALYSIS**

The contract here limits liability to outstanding fees and expenses, excludes consequential and related damages, and allows the prevailing part to recover its attorney's fees and costs.[2] The court entered judgment in favor of Thirty-One Gifts ("TOG") on Pierry's claim that TOG breached the contract, entered judgment in favor of Pierry on TOG's counterclaim that Pierry breached the contract by failing to perform its consulting services, entered judgment in favor of TOG on its counterclaim that Pierry breached the contract by its demand for extracontractual damages and by terminating access to the Salesforce platform (thereby limiting TOG's access to its intellectual property), and entered judgment in favor of Pierry on TOG's tort claims about Pierry's wrongful termination of access to the Salesforce platform.[3] The remaining issue is whether either party is a prevailing party entitled to its attorney's fees and costs.

State law governs the enforceability of the prevailing-party fees provision in the contract. *Makreas v. First Nat'l Bank*, No. 11-cv-02234-JST, 2014 WL 2582027, at *2 (N.D. Cal. June 9, 2014). The contract's provision for fees to the prevailing party is enforceable under California law. Cal. Civ. Code § 1717(a); Cal. Civ. Proc. Code § 1021. The relevant California statute defines the prevailing party as "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). It also allows the court to "determine that there is no party prevailing on the contract" and that no party is entitled to fees. *Id.*; *see HPS Mech. Inc. v. JMR Constr. Corp.*, No. 11-cv-02600-JCS, 2014 WL 6989112, at *3 (N.D. Cal. Dec. 9, 2014) (identifying the tension between the statute's mandate that fees "shall be awarded" to the prevailing party who "shall be the party who recovered a greater relief" and its provision that the court "may . . . determine" that no party prevailed under the contract) (quoting Cal. Civ. Code § 1717(b)(1)).

"If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. of Cal.*

---

[2] *Id.* (§§ 7.1–7.2, 9.8).

[3] Am. Judgment – ECF No. 262. Citations refer to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999). A court abuses its discretion when it determines that there is no prevailing party if the results are "*so* lopsided that, even under an abuse of discretion standard, it [is] unreasonable to say the [party with a greater degree of success] was not the prevailing party." *De la Cuesta v. Benham*, 193 Cal. App. 4th 1287, 1290 (2011) (emphasis in original). The California Supreme Court has described the standard as follows:

> As one Court of Appeal has explained, "[t]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought." . . . By contrast, when the results of the litigation on the contract claims are not mixed — that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other — the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. . . . Similarly, a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717.
>
> [. . .]
>
> Accordingly, we hold that in deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions."

*Hsu v. Abbara*, 9 Cal. 4th 863, 875–76 (1995) (citations omitted).

This case was a draw at best. Neither party achieved a complete victory on the contract claims, and neither prevailed sufficiently to justify an award of fees. *Scott*, 20 Cal. 4th at 1109. Pierry recovered $103,476.64 comprised of $83,583,42 for its consulting services and $19,893.22 for the Salesforce license, but its main dispute was its entitlement to the entire Salesforce licensing fee of $550,000, an issue it lost.[4] Also, it breached the contract by demanding extracontractual fees, not following the contract's fee-dispute procedures, threatening to terminate access to the Salesforce platform, and terminating access.[5] It is not the prevailing party. TOG is not the prevailing party

---

[4] Findings of Fact and Conclusions of Law – ECF No. 234 at 27.

[5] Order – ECF No. 259 at 5–7.

ORDER – No. 17-cv-03074-LB                 3

either. Its theories of liability exceeded the reach of the contractual limitation of Pierry's liability, and it undisputedly owed Pierry for its consulting services.

## CONCLUSION

The court denies the parties' motions for prevailing-party fees and costs.

This disposes of ECF Nos. 251 & 252.

**IT IS SO ORDERED.**

Dated: August 25, 2020

_____
LAUREL BEELER
United States Magistrate Judge